IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02494-JLK-MJW

RINALDO YARRITO, et al.

    Petitioners,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
DIVISION OF THE DEPARTMENT OF HOMELAND SECURITY,
JULIE L. MEYERS, Assistant Secretary for Homeland Security,
ALFREDO CAMPOS, Warden, USDHS-ICE, El Paso, Texas,
TERESA HUNT, Warden, GEO-ICE, Aurora, Colorado,

    Respondents.

---

MOTION FOR <u>EMERGENCY RELIEF</u> REGARDING
61 MAYANS DETAINED WITHOUT BOND IN
EL PASO, TEXAS

---

Counsel has discussed this motion with opposing counsel who expressed their opposition.

Respondents have definitively not complied with the Court's Order of 1-12-07 to provide bond hearings to detained Petitioners within 48 hours.

This motion therefore seeks an <u>Emergency Order</u> directing the Respondents to, forthwith, set *reasonable* bonds for the 61 Mayans

1

currently held *without bond* in El Paso, Texas; or, in the alternative, to release them on personal recognizance bonds; or, in the alternative, to transport these persons to Colorado for bond hearings before this Court or before an Immigration Judge.

## JURISDICTION

Even after the REAL ID Act, this Court retains singular jurisdiction over Constitutional and legal issues related to Petitioners' detention by ICE.  See, e.g., <u>Ferry v. Gonzales</u>, 457 F.3d 1117, 1131 (10th Cir. 2006)(habeas jurisdiction appropriate where the issue does not involve a final order of removal). Here Petitioners do not challenge  or seek review of any final order of removal.  They only seek review of their *unconstitutional detention*. <u>Id</u>.

## PARTIES

The Petitioners include all the 262 persons arrested at the ICE raid at Swift & Company in Greeley, Colorado on 12/12/06. Many of these persons are still not identified. However, this particular motion pertains only to the 61 known Guatemalans, all non-criminals, presently held by ICE *without bond* in El Paso, Texas.  See Exhibit A.

2

The Respondents are ICE officials and wardens who have custody and control over the 61 Guatemalans; and who have the authority to set initial bonds, release these persons on personal recognizance bonds, and to transport these 61 persons within this country.

## BACKGROUND

These 61 Guatemalans now held in El Paso without bond are Indigenous Mayans from the mountain areas of Guatemala who were arrested by ICE at the Greeley Swift raid on 12/12/06. They are meat plant workers, illiterate in Spanish and English, although many profess some understanding of spoken Spanish. They are native speakers of Quiché. Most actually speak and understand a blend of Spanish and Quiché.

They have virtually no understanding of their rights as persons detained by ICE.

On 12/13/06 they were transported to El Paso ICE detention and they have been held there ever since *without bond*. Their ongoing, harsh detention outside of Colorado appears to violate this Court's "Order to Show Cause," dated 12/13/06, as amended.

3

ICE made the initial bond determination that all these persons would be held *without bond* in El Paso, even though none are alleged to have committed any deportable crimes.

Many of these persons have never yet appeared before an Immigration Judge. On 1-9-07 and 1-11-07 about 28 of the 61 persons had their first appearances -- approximately *4 weeks after their ICE arrests* -- but none had bond hearings at that time.

On 1/12/07 this Court *ordered* that these persons (among other Petitioners detained elsewhere by ICE) have bond hearings within 48 hours, but Respondents have failed to comply, even though Respondents alone have full jurisdiction to redetermine bond *at any time*. 8 C.F.R. § 1236.1 *et seq*. Respondents had the power to redetermine these 61 bonds within 48 *minutes* of the Court's Order, *a fortiori* 48 hours. There is no explanation for their failure to redetermine the bonds pursuant to the regulation.

NEED FOR EMERGENCY RELIEF

As of the filing of this motion, 48 hours have elapsed and the Respondents have not provided meaningful bond hearings for these

4

61 Guatemalan Mayans, nor have Respondents used their own power to redetermine bond.

Immigration Judge (IJ) Abbott from El Paso was contacted by counsel on 1/12/07. The IJ explained that he could not provide bond hearings for these persons within 48 hours. He stated his staff goes home early on Fridays. Respondents have otherwise made no efforts to comply with the Court's Order, even though Respondents have full power and jurisdiction to redetermine bonds independently of the IJ. 8 C.F.R. § 1236.1 *et seq*.

Moreover, on January 9, 2007, when 20 of these 61 persons had their first appearance before Judge Abbott (4 weeks after arrest) he explained to counsel that even if these person had bond hearings none of them would be granted bonds because they were applying for relief in the form of "withholding of removal."[1] Even if some of these persons are afforded a bond hearing at a later time, such a

---

[1] Withholding of removal is a statutory form of relief from removal, like asylum. It is lawfully available to each ICE detainee in El Paso. The Mayans claim they are the victims of virulent racism in Guatemala, and Judge Abbott generally agrees, yet he still has an idiosyncratic rule that such persons cannot be granted bond. Holding them without bond eviscerates their claims because it will take many months before they can have individual hearings regarding withholding of removal.

5

hearing cannot be meaningful because Judge Abbott has already stated that bond will not be granted. *Pro forma* bond hearings with the outcome preordained does not satisfy due process. The automatic denial of bond by the IJ wastes time and demoralizes the Mayan detainees, coercing them to sign "voluntary removals."

CONSTITUTIONAL VIOLATIONS

Part I: Due Process

The Due Process Clause of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." The Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process. United States v. Salerno, 481 U.S. 739, 746 (1987) (individual bond hearings required before neutral magistrate). The

6

first step in any due process analysis is a careful identification of the asserted right. See Reno v. Flores, 507 U.S. 292, 302 (1993). If the liberty interest asserted by the Petitioners may be characterized as fundamental, then a governmental provision infringing upon that interest must be narrowly tailored to serve a compelling governmental interest.  Id. Petitioners are asserting they have a fundamental liberty interest that may not be arbitrarily infringed upon by the Government absent an opportunity for an individualized determination to address risk of flight and danger to the public. That is the liberty interest at issue in this case.

There is *no statutory bar* to granting each of these 61 persons an individual bond determination.  None of these persons is ineligible for bond under the federal immigration laws. None are so-called "aggravated felons." None are so-called "criminal aliens;" yet all have been denied bond by Respondents in blanket fashion – as if they were criminals.[2]

---

[2] *One* of the persons may a have a final order of removal – hence, bond would not be available, but parole would be.

7

Respondents have detained each person without bond *without individual consideration* of the person's situation. ICE has authority to set initial bonds, *but must explain the reason(s) for its decision.*[3] In this case, ICE set bonds the same for one and all – that is, *all 61 were detained without bond.* No reason for any single bond determination was provided by ICE. No reason was given for the blanket treatment of all persons. Such blanket treatment violates each person's due process right to an individual bond determination. Likewise, there is a bond analogy under the Eighth Amendment (excessive bond shall not be imposed) that informs the Due Process right of these non-criminals held without bond for no legitimate reason. Similarly, there is an analogy under the Thirteenth Amendment's prohibition against involuntary servitude that informs the due process analysis for these 61 Mayans held without bond in Texas.

## Part II: Equal Protection

Identically situated persons have been granted personal recognizance bonds by ICE, or relatively low bonds at IJ bond

---

[3] See 8 C.F.R. 1236.1(c). See Matter of Daryoush, 18 I&N Dec. 352 (BIA 1982).

8

hearings. For example, the following persons were also arrested at the ICE raid at Swift & Company in Greeley, Colorado on December 12, 2006; yet were released on *personal recognizance* with Notices to Appear in Immigration Court in Denver:

> Marleny Elizabeth Navarro Escobar, a Mayan woman from Guatemala;
>
> Ana Pastor Hernandez, same;
>
> Olivia Francisca Perez-Vicente, same;
>
> Hermelinda Vicente-Vicente, same;
>
> Nicolasa Vicente-Velasquez, same;
>
> Maria Vicente-Sontay, same;
>
> Florentina Vicente-Lopez, same;
>
> Norma Gonzalez Lopez, a mestizo woman from Guatemala.

These identically situated women are a few of the workers arrested and *released* by ICE at the Swift raid in Greeley on December 12. These Mayan women were physically *released*, but most of the Mayan *men*, <u>identically situated</u>, <u>identically charged</u>, were detained behind bars without bond, and were even transported

9

650 miles away to Texas and held there to this moment, fighting ICE coercion to keep them there without bond should they elect to seek withholding of removal.  The different treatment of the Mayans held in Texas raises the issue of equal protection, and such suspect distinctions cannot be upheld under the Equal Protection Component of the Due Process Clause.  Likewise, "irrational" distinctions cannot be upheld, and there is no rational basis for treating these 61 Mayans (99 percent of whom are males) so differently. It has long been held that the true constitutional promise of equal protection of the laws applies to all persons – not just citizens, <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). <u>Noel v. Chapman</u>, 508 F.2d 1023 (2d Cir.), cert. denied, 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40, 44 U.S.L.W. 3200 (1975).  Even under the "minimal scrutiny" test (surely applicable in this case of these Mayan detainees) distinctions between different classes of persons must be reasonable, not arbitrary, so that all persons similarly circumstanced shall be treated alike. *Here identically situated persons are being treated as different as night and day without any explanation or rationale.*

       Part III: <u>Due Process and the Immigration Judge</u>

10

On 1/9/07 the Immigration Judge's hasty pre-determination of the bond requests of the Mayan detainees seeking "withholding of removal" means that they will not have a meaningful bond hearing, even if one is provided *pro forma* within or after 48 hours of the Court's Order dated January 12, 2007.

A neutral magistrate is the backbone of a constitutional bond hearing. See Salerno, *supra* at 750. An immigration judge who has already determined that a group of persons *(who are otherwise eligible as a matter of law)* will not be granted bonds cannot provide to any of these persons the constitutional due process required for a fair bond hearing. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person…of… liberty…without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Due Process Clause protects. See Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Government detention violates due process unless the detention is ordered in a *criminal* proceeding with adequate procedural protections, see Salerno, 481 U.S. 739, 746 (1987), or, in certain special and "narrow" nonpunitive

11

"circumstances," Foucha, *supra,* at 80, where a special justification, such as harm-threatening mental illness, outweighs the "individual's constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356 (1997).

The proceedings at issue here are civil, not criminal. They are nonpunitive in purpose and effect. There is no sufficiently strong special justification here for group civil detention—where 60 Mayan males, and one or two unlucky Mayan females, are denied individual bond hearings before a *neutral decsionmaker* and where Respondents have full jurisdiction to redetermine bonds at any time, but refuse to do so.

### Part IV: Due Process and First Appearance

These persons transported to El Paso have waited 4 weeks or more for a first hearing before an Immigration Judge; and many persons are still waiting. *See* County of Riverside v. McLaughlin, 500 U.S. 44, 56-58 (1991) (O'Connor, J.) (adopting presumption, based on lower court estimate of time needed to process arrestee, that 48-hour delay in probable-cause hearing after arrest is reasonable, hence constitutionally permissible). Persons must be bought before a

12

neutral decsionmaker within 48 hours of arrest, *but not these 61 Mayans*. Approximately 28 of them did not see an Immigration Judge until 4 weeks after their arrests. The rest have still not come before an Immigration Judge. Due Process requires that they have a prompt first appearance. Prolonged detention based on such minor civil charges unjustly impairs their family relationships. These persons are being held only on civil immigration charges, not crimes. They are charged only with being undocumented workers. Respondents have failed to provide Due Process to the 61 Mayans held in El Paso, in part by transporting them to El Paso and thereby delaying their first appearances.

## VIOLATION OF COURT ORDERS

These 61 Mayan persons are being held in Texas in violation of the Court's Order to Show Cause dated 12/13/06, as amended. On 12/13/06 this Court issued an Order to Show Cause stating that the Petitioners in the above captioned matter, which included all of the union members arrested at the 12/12/06 ICE raid at Swift & Company in Greeley, Colorado, *remain in the jurisdiction of this Court.* The ICE Respondents have been aware of this Order, as

13

amended; and now all the 262 persons arrested on 12/12/06 have been joined as Petitioners, yet ICE has so far refused to transport the 61 detainees in Texas back to Colorado.

**Moreover, these persons have not had bond hearings within 48 hours of the Court's Order of 1/12/07.**

RELIEF REQUESTED

Petitioners respectfully request the following Emergency Relief:

1.  That Respondents set reasonable bonds for each of the 61 persons held in El Paso forthwith;

2.  In the alternative, that Respondents release each of them on personal recognizance;

3.  In the alternative, that Respondents transport each of them to Colorado forthwith for bond hearings in this Court or before an Immigration Judge for a meaningful bond hearing.

Respectfully submitted this 14 day of January 2007.

s/Jim Salvator
Jim Salvator, #21055
1643 Erin Way
Lafayette, CO 80026
phone 303-604-0320
fax 303-604-2024
salvator@igc.org

14

CERTIFICATE OF SERVICE (CM/ECF)

I certify that that the above and foregoing was electronically filed with the Court Clerk using the ECF system which will send e-mail notification to:

mark.pestal@usdoj.gov; elizabeth.stevens@usdoj.gov; dstarnes@UFCW7.com; jbowen@ufcw7.com;

and I also certify that this document was mailed first class postage prepaid to Elizabeth Stevens & Mark Pestal, USDOJ, 1225 17th St., #700, Denver, CO 80202 and DeAngelo Starnes & John Bowen, UFCW, Local 7, 7760 West 38th Ave., #400, Wheat Ridge, CO 80033 on January 14, 2007.

s/Jim Salvator
Jim Salvator, #21055
Attorney at Law
1643 Erin Way
Lafayette, CO 80026

15