**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-CV-02494-JLK-MJW

Rinaldo Yarrito, et. al

    Petitioners,

  v.

JULIE L. MEYERS,
Assistant Secretary for Homeland Security,

ALFREDO CAMPOS, Warden, USDHS-ICE, El Paso, Texas,

TERESA HUNT, Warden, GEO-ICE, Aurora, Colorado

and

U.S. Immigration and Customs Enforcement Division
of the Department of Homeland Security

    Respondents.

---

**STATUS REPORT**

---

   Pursuant to the Court's in court rulings on January 12, 2007, Petitioners, Rinaldo Yarrito, et al., by and through undersigned counsel, file this Status Report and in so doing, set forth the following:

  1.  On January 12, 2007, the Court ordered, in summary, the parties to confer about the identification of and detention status of persons arrested at the Swift meat plant in Greeley, Colorado, on December 12, 2006.

  2.  After the Court left the bench, the parties attempted to confer regarding those identifications and detainees' status in the courtroom.  However, without written

documentation within the parties' respective possessions, the task seemed a bit premature to complete at that time.

3.      On January 13, 2007, Respondents sent three lists via email to counsel for Petitioners.

a.  The first list comprised the persons arrested along with the corresponding names used as work names at the Swift plant and the Alien Number ("'A' No.") under which each individual was processed ("The Arrest List") .

b.  The second list comprises the status of all persons arrested at the Swift Greeley plant.  This information listed the arrestees by the name given to ICE officials during processing, in addition to each individual's country of citizenship, their A No.; and whether, as of January 12, 2007, they were in ICE custody, and if so, in which facility each was detained, and if not, how their cases were disposed of ("Master List").  The Master List represents that the vast majority of persons arrested are no longer in detention.

c.  The third list comprised the names of persons who remained in detention either in the Aurora GEO facility or the El Paso ICE facility, as of January 12, 2007 ("The Detained List").

4.      On January 16, 2007, Petitioners provided Respondents a list of persons who were detained in the GEO facility.[1]

5.      On January 17, 2007, counsels for Petitioners and Respondents compared the Master and Detained Lists against the list provided by Petitioners to determine which persons were still in detention.  The parties were able to identify many of

_____

[1] This list was provided by attorneys Christina Fiflis and Rania Gadawi, who were retained by the Union to represent persons arrested by ICE at the Swift Greeley plant on December 12, 2006.

those persons.  At the conclusion of the conference, it was unknown whether those in detention were still in custody.  Respondents represented in good faith they believed that all persons at the GEO facility did have bond hearings but could not confirm that was the case.  Respondents did tell Petitioners that, assuming bond hearings were held, certain arrestees presumably remained in custody for prior charges.[2]

6.      At the conclusion of the conference, Petitioners were satisfied that Respondents had accounted for each person who was arrested at the Swift Greeley raid on December 12, 2006.

7.      After the conference, undersigned counsel conferred with immigration attorney Christina Fiflis to determine the status of the bond hearings for arrestees still in custody.

8.      Attorney Fiflis provided the following information about the status of persons who remained in detention:

a.  The Denver Immigration Court had no record of any proceedings for the following individuals being detained at the GEO facility:

    i.   Olivio Lopez Vicente A 78-588-554
    ii.  Evarado Martinez-Vicente A 74-626-466
    iii. Francisco Ramirez-Bocanegra A 76-263-217
    iv.  Gloria Vasquez-Polanco A 76-721-343 (not our client)
    v.   Lucio Vicente Cuyuch A 98-993-099

---

[2] The parties discussed and agreed that the persons did not have to receive a bond, but just had to have a bond hearing to determine whether one was appropriate.

    b.  The following individuals being detained at the GEO facility have agreed to voluntary departure but those agreements are not being honored by the Government:[3]

        i.  Remigio Mateo Mateo, A 88-134-011
        ii.  Angel Ortiz-Barrera A 88-134-018
        iii.  Israel Vicente Ixmay, A 88-134-452
        iv.  Juvention Vicente Velasquez A 88-134-023

    c.  No bond hearings have been scheduled for the following individuals being held at the GEO facility:

        i.  Eva Chavez-Gordilo A 97-822-642
        ii.  Gaspar Felix Juan A 88-134-420
        iii.  Claudia Flores Hernandez A 97-337-927
        iv.  Juan Guevara-Matamoros A 78-967-512
        v.  Edy Herrarte-Reyes A 70-645-236

    d.  Bond hearings were scheduled but not held for the following individuals in El Paso, except Julio Sica Zarate, A 88-134-317, could not be accounted for.[4]

9.  It is the understanding of Petitioners that the Court desired two things: (a) that all of the arrestees be accounted for and (b) all persons who remained in detention but who had not had bond hearings be presented for bond hearings within forty-eight hours of the Court's January 12, 2007 Order.  Even given the Government's liberal interpretation of what comprised forty-eight hours, each arrestee had to have bond hearings by no later than January 17, 2007.  The individuals listed in Paragraph 8 of this Status Report have not had those bond hearings.

---

[3] The Government has represented that it cannot honor those agreements because of the habeas action. If the Government will not honor those agreements, it is obligated to provide bond hearings.
[4] Petitioners have concerns about the fairness in which the El Paso hearings were conducted.

10.     As a result, Petitioners allege that the individuals listed in Paragraph 8 remain as injured Petitioners in this habeas action.  Unless that injury is cured by January 22, 2007, these individuals will comprise the final list the Court requested in its Order on Procedural Motions issued on January 5, 2007.[5]

Counsel for Petitioners
  and Petitioners' Next Friend


s/ DeAngelo Starnes
DeAngelo Starnes
7760 W. 38th Ave., Suite 400
Wheat Ridge, CO, 80033
(303)425-0897 ext. 427


# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Mark S. Pestal
mark.pestal@usdoj.gov

Elizabeth Joanne Stevens
elizabeth.stevens@usdoj.gov

Jim Salvator
salvator@igc.org

Edward E. Wiggers
edward.wiggers@usdoj.gov


/s Cynthia A. Fanning
Legal Secretary

---

[5] Undersigned counsel understood the Court wanted an Amended Petition covering these individuals within ten days of the Order.  For purposes of clarification, FRCP 6 (a) does not compute weekends or Martin Luther King holiday for responses due under 11 days.  Unless undersigned counsel misunderstood the Court's ruling, the Amended Petition is not due until January 22, 2007.